**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GARELD DUANE ROLLINS, JR., | § | |
| | § | |
| *Plaintiff;* | § | |
| | § | |
| -vs.- | § | |
| | § | |
| H. PAUL PRESSLER III, NANCY | § | CIVIL ACTION NO. 4:18–cv-00775 |
| PRESSLER, PAIGE PATTERSON, | § | |
| JARED WOODFILL, THE WOODFILL | § | |
| LAW FIRM, F/K/A WOODFILL & | § | |
| PRESSLER, L.L.P., SOUTHWESTERN | § | |
| BAPTIST THEOLOGICAL SEMINARY | § | |
| FIRST BAPTIST CHURCH OF HOU- | § | |
| STON, SOUTHERN BAPTIST CON- | § | **REMOVED FROM THE 127ᵀᴴ DIST.** |
| VENTION, AND SECOND BAPTIST | § | **COURT OF HARRIS COUNTY, TX** |
| CHURCH OF HOUSTON, | § | **CASE NO. 2017-69277** |
| | § | |
| *Defendants.* | § | |
| | § | |

**PLAINTIFF'S MOTION TO REMAND TO THE STATE COURT
WITH REQUEST FOR ORAL SUBMISSION (LOC. R. 7.5.A)**

GARELD D. ROLLINS, JR., Plaintiff here and in State Court, by and through his undersigned attorney-in-charge, requests that this Court remand this case to the State Court from which is was removed.  In support of this request, he shows as follows:

I. NATURE AND STAGE OF THE PROCEEDING

1.       The live pleading in the removed case is *Plaintiff's First Amended Complaint (Of Right) [If Remanded: Sixth Amended Petition in State Court]*. It pleads Texas state law causes of action for Breach of Informal Fiduciary Duty, (Sexual) Assault With Conspiracy, I.I.E.D. With Conspiracy, Fraudulent Misrepresentation With Conspiracy, Fraudulent Concealment With Conspiracy, Negligence, Defective Premises, Defamation With Conspiracy, and Breach of Contract. It alleges both direct and indirect liability.  It is registered on the Harris County Docket as "Case

Type: Other Civil Related to Criminal Matters."

2.      On February 21, 2018, the State Court heard oral argument and took under advisement *Pleas to the Jurisdiction* of Defendants Southern Baptist Convention (SBC) and First Baptist Church of Houston (FBCH).  The pleas were based on the ecclesiastical abstention doctrine. They were argued and analyzed with respect to the *Fifth Amended Petition.*  The depositions of H. Paul and Nancy Pressler were set for March 13, 2018 but intercepted by the Removal the previous day, "answer day," March 12, 2018.  The State Court had restricted the scope of those depositions to the issue of statute of limitations.  *Motions for Summary Judgment* (MSJ) on the sole issue of statute of limitations had been set for April 20, 2018.   On March 30, 2018, Southern Baptist Convention (SBC)  filed that same MSJ in this court.  *See* Doc.: #18, 18-1, 18-2 and 18-3.

3.       On Monday, March 12, 2018, "answer day" under TEX. R. CIV. P. 99, Defendant Second Baptist Church, filed its answer in State Court to the *Third Amended Petition* and a *Notice of Removal*.  On even date, it filed its *Notice of Removal* with appendices in this Court.[1]

II.  <u>STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT</u>

<u>WITH AUTHORITY AND STANDARD OF REVIEW</u>

**A.      Basis of Removal.**

4.      Defendant Second Baptist Church of Houston (SBCH) removes the State Court case to this Court pursuant to 28 U.S.C. 1441(a) on the basis of *original* federal question jurisdiction, 28 U.S.C. § 1331, on the theory that "Plaintiff's claims require a court, contrary to the First Amendment

---

[1]  Defendant Second Baptist Church was served with the *Third Amended Petition* on February 14, 2018.  On February 16, 2018, Plaintiff filed a *Fourth  Amended Petition* in response to the Plea to the Jurisdiction of Defendant Southern Baptist amended on February 8, 2018.  On February 20, 2018 he filed his *Fifth Amended Petition* in response to SBC's Plea on February 9, 2016.  Both pleas were heard on February 21, 2018.  SBC answered and removed on March 12, 2018 when the *Fifth Amended Petition* was the live pleading.  On March 28, 2018, Plaintiff has amended here in his *First Amended Complaint* which is the basis for the analyses in this *Motion to Remand*.

. . . to review, interpret, consider, and make judgment on the appropriateness, correctness and/or validity of the rules, faith, discipline, government and/or doctrine of the Baptist Church (sic)." [Doc. #1:, p. 2, par. 3]. SBCH further states, " In addition, the case arises under federal law because the vindication of a right under state law turns on a construction of federal law." *Id.* In either case, SBCH alleges that the plaintiff (a) could have brought his case originally in this court under 28 U.S.C. § 1331, or, had the case remained in State Court, (b) his state law claims there would be subject to examination under the ecclesiastical exemption doctrine. That doctrine had been briefed and argued in State Court by First Baptist Church of Houston (FBCH) Southern Baptist Convention (SBC). It was taken under advisement at the time of removal.

**B.     Standard of Review.**

5.     With respect to standard of review:

> Before reviewing the contested remand, we consider whether removal was proper in the first place. 'All issues of subject matter jurisdiction are questions of law that this court reviews *de novo.*" *Oviedo v. Hallbauer*, 655 F.3d 419, 422 (5th Cir. 2011). "Any underlying findings of fact are subject to review for clear error." *Young v. United States*, 727 F.3d 444, 446 (5th Cir. 2013). A case originating in state court may be removed where the district court has original jurisdiction over any claim. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c).

*Southern Elect. Supply, Inc. et al., v. Zurich American Ins. Co., et al.*, 756 F.3d 327 (5th Cir. 2014).

**C.     Substantive Law on Federal Question Jurisdiction Upon Removal**

6.     With respect to the substantive law:

> A civil suit may be removed from state court to federal court if the claim therein is one "arising under" federal law, such that it is an action over which a district court would have original jurisdiction. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 8 (1983); 28 U.S.C. §§ 1331, 1441. In general, courts follow the "well-pleaded complaint" rule, which holds that whether or not a case arises under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration," and not based on anticipated defenses. *Franchise Tax Bd.*, 463 U.S. at

10 (*quoting Taylor v. Anderson*, 234 U.S. 74, 75 (1914)); *see also Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("Under our longstanding interpretation of the current statutory scheme, the question whether a claim 'arises under' federal law must be determined by reference to the well-pleaded complaint." (internal quotation marks and citation omitted)). In this manner, the plaintiff is the "master of the claim," and he "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

However, there are instances where a claim may "arise under" federal law and be removed to federal court, even though the plaintiff makes no federal claims. "[F]or purposes of § 1331[,] an action 'arises under' federal law if in order for the plaintiff to secure the relief sought he will be obliged to establish both the correctness and the applicability to his case of a proposition of federal law." *Franchise Tax Bd.*, 463 U.S. at 9 (internal quotation marks and citation omitted). The plaintiff's "right to relief under state law [must require] resolution of a substantial question of federal law in dispute between the parties." *Id.* at 13; *see also Grable & Sons Metal Prod., Inc. v. Darue Eng. & Mfg.*, 545 U.S. 308, 312 (2005) (stating that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues"). In addition, a federal court must be able to entertain the suit "without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons*, 545 U.S. at 314. "*In this Circuit, we have held that federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; **and** (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.*" *Singh v. Duane Morris*, LLP, 538 F.3d 334, 338 (5th Cir.2008) (emphasis added).

*Hughes v. Chevron*, No. 11-10698 (5th Cir.2012, unpub. op.).[2]  (Emphasis added).

7.     The *Singh* case, on which the 2012 *Hughes* case relies, sets forth the rule in *Grable* and explains how, in the Fifth Circuit, the "less than pellucid" standard for federal jurisdiction is distilled into a four prong test – all of which must be satisfied.

The fact that a substantial federal question is necessary to the resolution of a state-law claim is not sufficient to permit federal jurisdiction: "*Franchise Tax Board* . . . did not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Likewise, "the presence of a disputed federal issue . . . [is] never necessarily dispositive." *Grable & Sons Metal Prods., Inc. v. Dame Energy & Mfg.,* 545 U.S. 115 (2005). Instead, "Far from

---

[2]  An unpublished opinion may be cited pursuant to FED. R. APP. P. 32.1(a); 5TH CIR. R. 47.5.4.

creating some kind of automatic test, *Franchise Tax Board* thus candidly recognized the need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction." *Merrell Dow*, 478 U.S. at 814, 106 S.Ct. 3229.

If, however, the standard for federal question jurisdiction is no "automatic test," what sort of test is it?  Although the Court's answer has at times been less than pellucid, [*Singh, infra,* n.3] it recently summed up the requisite inquiry: "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314, 125 S.Ct. 2363.   In other words, federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities. [Although the first element is arguably implicated in this case, the remaining three are not.  The federal issue here is neither disputed nor substantial.] "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* at 313, 125 S.Ct. 2363.

[n.3] See*, e.g., Merrill Dow*, 478 U.S. at 813-14,106 S.Ct. 3229 "[W]e stressed Justice Cardozo's emphasis on principled, pragmatic distinctions: 'What is needed is something of that common-sense accommodation of judgment to kaleidoscopic situations which character-izes the law in its treatment of causation . . . a selective process which picks the substantial causes out of the web and lays the other ones aside.") (quoting *Gully v. First Nal'l Bank*, 299 U.S. 117-118, 57 S.Ct. 96, 81 L.Ed. 70 (1936)); *Grable* 545 U.S. at 314, 125 S.Ct. 2363 (observing the Court's failure to "stat[e] a single, precise, all-embracing test for jurisdiction over federal issues embedded in state law clams between non-diverse parties") (quotation omitted).

*Singh v. Duane Morris LLP; et al.*, 538 F.3d 334, 338 (5th Cir.2008).

8.     Possessed then with a pedigreed, single, precise, all-embracing test to ferret-out substantial and determinative federal jurisdictional issues embedded in the state law claims between the non-diverse parties in this case, we next apply the four-prong *Singh* test to the state law causes of action in the live *First Amended Complaint* in this case.

III.  <u>ANALYSIS</u>

**A.     <u>First Cause of Action: Breach of Informal Fiduciary Duty</u>**

9.     In Texas, there is a state law cause of action that posits an informal duty that arises from multiple alternative relationships.  "We also recognize an informal fiduciary duty that arises

from "a moral, social, domestic or purely personal relationship of trust and confidence." *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 287 (Tex. 1998); *see also Schlumberger Tech. Corp.*, 959 S.W.2d at 176." *Meyer v. Cathey*, 167 S.W.3d 327 (Tex.2005) *See* PL.1STAM.CPLT. at p. 16, par. 52 [Doc.: #14, p. 17 of 40].

10.     The first prong of the *Singh* test is (1) resolving a federal issue is necessary to resolution of the state-law claim.  Here, the informal fiduciary duty arises from a crime: aggravated sexual assault of a child TEX. PEN. CODE § 3.03(b)(2)(A).

> Clearly, sexual assault of a child ". . . is a crime of deliberate violence; concerns personal morality; is against good morals; is an act of baseness, vileness, and depravity; *is immoral in itself*; and shows a moral indifference to the opinion of respectable members of a community. It can be characterized as 'universally morally reprehensible.," *Turton,* 775 S.W.2d at 717.  We find that because he was charged with the offense of sexual assault of a child, appellant was accused of conduct involving moral turpitude.

*In the matter of GMP,* 909 S.W.2d 198 (Tex.App.–Houston [14th Dist.] 1995, no pet.) (emphasis added).  *GMP* thus shows that the ecclesiastical sphere has no hegemony on moral determinations.

11.     Instead, Texas law is adequate to determine by itself that sexual abuse of a child fits the definition of "moral" under *Associated Indemnity*.  Thus, even if any of the defendants' ecclesiastical doctrines or teachings were to consider sexual abuse of a child *not* to be immoral, Texas law is nevertheless an adequate, independent, and secular basis on which to characterize such a crime as one of moral turpitude (immoral in itself or *malum in se*) and thus, resolution of the federal issue of ecclesiastical abstention is not necessary to resolution of the state law claim under the first prong of *Singh*.  Prongs 2, 3, and 4 need not be reached.

**B.      Second Cause of Action: Assault by Offensive Physical Contact.**

12.     See ANALYSIS at "A," above.  Resolution of a federal issue is unnecessary to resolution of this state-law claim under the first prong of *Singh*.  *See also* the crime exception, *infra.*

**C.**     **Third Cause of Action: I.I.E.D.**

13.     Here, plaintiff pleads that Defendant Paul Pressler engaged in intentional conduct directed at him that was extreme and outrageous in character.  See PL.1STAM.CPLT. at p. 22, par. 68 *et seq.*  [Doc.: #14, p. 22-26 of 40].

> To prevail on this claim, [Plaintiff must] prove by a preponderance of the evidence that: (1) [defendant Pressler] acted intentionally or recklessly; (2) [his] conduct was *extreme and outrageous*; (3) [his] actions caused [plaintiff's] emotional distress; and (4) the emotional distress was severe. *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex.2004); *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 740 (Tex.2003). *A defendant's conduct satisfies the second element only if it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex.1993) (*quoting* RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965)). "Conduct that is merely insensitive or rude is not extreme and outrageous, nor are mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *GTE S.W., Inc. v. Bruce,* 998 S.W.2d 605, 612 (Tex.1999).

*Kroger Tex. LLP v. Suberu,* 216 S.W.3d 788, 796 (Tex.2006) (emphasis added).

14.     Clearly, Texas law is adequate to determine by itself that sexual abuse of a child is an intentional act that is extreme and outrageous – so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community under *Twyman*.  Thus, even if any of the defendants' ecclesiastical doctrines or teachings were to consider sexual abuse of a child *not* to be extreme and outrageous, Texas law is an adequate and independent basis on which to characterize such abuse as also an intentional infliction of emotional distress – an intentional tort *so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community*.  Thus, resolution of the federal issue of ecclesiastical abstention is not necessary to resolution of this state law claim under the first prong of *Singh*.  Prongs 2-4 need not be reached.

**D.**     **Fourth Cause of Action: Fraud and Fraudulent Misrepresentation**

-7-

15.     In Texas law, Fraud and Fraudulent Misrepresentation are covered extensively.  *See,*
*e.g., Italian Cowboy Partners v. Prudential Ins. Co.*, 341 S.W.3d 323, 337 (2011).

**E.     Fifth Cause of Action: Fraudulent Concealment**

16.     In Texas law, Fraudulent Concealment is, like Fraud and Fraudulent
Misrepresentation covered extensively.  See, e.g., *KPMG Peat Marwick v. Harrison Cty. Housing*
*Finance Corp*., 989 S.W.2d 941 (Tex.1999).

17.     Since both of the above causes are species of fraud that are well developed in Texas
law, whether the first prong of Singh applies, [(1) resolving a federal issue is necessary to resolution
of the state-law claim] is resolved not by looking for federal First Amendment issues that may
appear necessarily to be involved, but instead, with reference to fraud-collusion and crime
exceptions to the ecclesiastical exemption doctrine.

18.     '*In the absence of fraud, collusion, or arbitrariness*, the decisions of the proper
church tribunals on matters purely ecclesiastical, although affecting civil rights, are accepted in
litigation before the secular courts as conclusive, because the parties in interest made them so by
contract or otherwise."  *McClure v. Salvation Army*, 460 F.2d 553 (5th Cir.1972); *citing Gonzalez*
*v. Roman Catholic Archbishop*, 280 U.S. 1, 16, 50 S.Ct. 5, 74 L.Ed. 131 (1929).

19.     In addition to the fraud-collusion exception, the 5th Circuit has also addressed the
matter of crime, which is the underlying matter involved.

> The First Amendment does not categorically insulate religious relationships from
> judicial scrutiny, for to do so would necessarily extend constitutional protection to
> the secular components of these relationships. *Although Baucum's contention that the*
> *Free Exercise Clause prohibits the judiciary from reviewing the conduct of those*
> *involved in relationships that are not purely secular in nature might, if adopted,*
> *foster the development of some important spiritual relationships by eliminating the*
> *possibility of civil or criminal liability for participating members of the clergy, the*
> *constitutional guarantee of religious freedom cannot be construed to protect secular*
> *beliefs and behavior, even when they comprise part of an otherwise religious*

*relationship between a minister and a member of his or her congregation.* To hold otherwise would impermissibly place a religious leader in a preferred position in our society. *Cf. County of Allegheny v. ACLU*, 492 U.S. 573, 593-94 (1989) (interpreting the First Amendment to preclude the state from favoring religion over non-religion).

*Sanders v. Casa View Baptist Church*, 134 F.3d 331 (5th Cir.1998) (emphasis added).

20.     Consequently, resolving a federal issue (ecclesiastical exemption) is not necessary to the resolution of a state law claim that involves a crime, the concealment of which involves affirmative fraud or fraudulent concealment.  Further, *Sanders* cautions against giving a religious leader or religion itself, a preferred position in our society. *Singh* need not be applied.

**F.     Sixth Cause of Action: Negligence.**

21.     The negligence pleading in the *First Amended Complaint* alleges several species of negligence:

a. failing to warn church members that any adult authority figure involved in their ministries could be a threat to their children;

b. lying to victims who requested information about ministers, lay or clerical, clerics who abused them;

c. failing to provide medical professionals to evaluate adults into whose care their children are placed;

d. failing to follow a reasonable two-adult rule for the protect ion of children;

e. failing to ignore warning signs from within and without churches that children are vulnerable to sexual predators;

f. failing to investigate an adult supervisor's background and providing background facts to parents;

g. failing to believe that certain adults could be a threat to children;

h. failing to report the crimes committed by perpetrators to law enforcement;

i. in the case if First and Second Baptist, conspiratorially concealing Pressler's known abuse while at Bethel church;

j. failing to alert congregants about previous congregations in which a proposed supervising adult had engaged in problematic conduct or, in the alternative, failing to obtain a positive reference from a previous church about an incoming adult member seeking contact with children;

k. making decisions to protect the reputation of the ecclesiastical institution as more important that insuring the welfare of children; and/or

l. fostering an environment and culture and abuse of women and children in which it was clear that there was no accountability for criminal acts towards women and children, *e.g.*, continuing to foster a well known outworn attitude that women and children were property and chattels of adult males (*see* Decalogue #10).

22.    All the negligence causes of action are the unintentional variants of the intentional torts analyzed above.  Thus, no further analysis under *Singh* is needed at this juncture.

**G.    Seventh Cause of Action: Defective Premises.**

23.    Defective Premises liability [to Invitees] is addressed in *Del Lago Partners v. Smith*, 307 S.W.3d 762, 767 (Tex.2010) and *Fort Brown Villas III Condo. Ass'n v. Smith*, 307 S.W.3d 879, 883 (Tex. 2009).  The elements are (i) the plaintiff as an invitee, (ii) defendant possessed the premises, (iii) harmful condition, (iv) defendant knew or should have known of the danger, (v) breach, and (vi) proximate cause.

24.    In this case the premises involved are the Pressler home and First Baptist Church of Houston (FBCH).  We address the latter only for any ecclesiastical abstention matters.  The existence of a special relationship may impose a duty to control [on the premises] a third party's

conduct. *Providence Health Ctr. v. Dowell,* 262 S.W.3d 324, 331 (Tex. 2008); *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000).  Examples of relationships that have been recognized as giving rise to a duty to control include employer/employee, parent/child, and independent contractor/contractee. *See Greater Houston Transportation Co. d/b/a Yellow Cab Co. of Houston, Inc., v. Phillips,* 801 S.W.2d 523, 525 (Tex. 1990).  Defendants in control of a person like Pressler may owe a duty of care to persons foreseeably exposed to danger arising from the defendant's failure to reasonably exercise her/his right of control. *Texas Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 38 (Tex. 2002). However, the scope of the duty is commensurate with the right of control and the extent of the danger. *Id.*  Texas courts have also determined that a party who negligently creates a dangerous situation has a duty to attempt to prevent injury to others if it reasonably appears or should appear that others in the exercise of their lawful rights may be injured thereby.  *Carter v. Abbyad,* 299 S.W.3d 892, 895 (Tex.App.--Austin 2009, no pet.) (citing *SmithKline Beecham Corp. v. Doe,* 903 S.W.2d 347, 353 (Tex. 1995)). "However, a mere bystander who did not create a dangerous situation generally is not required to intervene and prevent injury to others." *Id.*  In determining whether Defendants were under a duty, there are several interrelated factors including the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on appellees. *See Texas Home Mgmt.*, 89 S.W.3d at 33; *see also Greater Houston*, 801 S.W.2d at 525.

25.    The only manner in which ecclesiastical exemption may enter this Court's purview turns on the matter of "special relationship" which is addressed above at pars. 9, 10, and 11.  Thus, rephrasing par. 11, above, even if any of the defendants' ecclesiastical doctrines or teachings were to consider sexual abuse of a child *not* to be immoral and thus not a danger, Texas law is

-11-

nevertheless an adequate, independent, and secular basis on which to characterize such a danger as one of moral turpitude (immoral in itself or *malum in se*) and thus, resolution of the federal issue of ecclesiastical abstention is not necessary to resolution of the state law claim under the first prong of *Singh*.  Prongs 2-4 need not be reached, neither does ecclesiastical doctrine.

**H.**     **Slander and Libel**

26.     In the live complaint [Doc.: #14, par. 113, p. 36 of 40 *et seq.*], the intentional actor is the Woodfill defendant.  *See* 1ST AM'D CPL'T at par. 115.  Woodfill's intentional tort falls well outside the ecclesiastical abstention doctrine.   However, the libelous statement of Woodfill is that ". . . plaintiff Rollins had committed a criminal act, extortion, by the filing of this lawsuit, to extort money from 'the Pressler family, Paige Patterson, Southwestern Baptist Theological Seminary, First Baptist Church of Houston, and me [Jared Woodfill].'  It was made with full knowledge of its erroneous content and made on behalf of his principals 'the Pressler family, Paige Patterson, Southwestern Baptist Theological Seminary [SWBTS], and First Baptist Church of Houston [FBCH].'"  Thus, the involvement of SWBTS and FBCH is indirect, and is asserted by Woodfill on their behalf.  Woodfill's assertion, whether by agency, *respondeat superior*, or conspiracy does not involve any ecclesiastical exemption matters and is a fact issue subject to summary judgment or fact finding by the jury.  None of *Singh's* four prongs need to be invoked.

**I.**     **Breach of Contract**

27.     This cause of action is limited to Rollins and Pressler and Pressler's possible third-party action against Woodfill.  *See* 1ST AM'D CPL'T at pars. 117 - 119.  No ecclesiastical exemption issues are involved.  None of *Singh's* four prongs need to be invoked.

### III.   CONCLUSION

28.     To the extent that ecclesiastical abstention issues are arguably involved (principally

in the intentional torts in the first five causes of action), resolution of the federal issue of ecclesiastical abstention is not necessary to resolution of the state law claim under the first prong of *Singh*.   In the remaining four causes of action, the ecclesiastical abstention doctrine is not implicated.

29.     This motion to remand is timely filed pursuant to 28 U.S.C. § 1447(c) which also gives the Court discretion to award just costs and any actual expenses, including attorney's fees incurred as a result of the removal.

### IV.  REQUEST FOR ORAL SUBMISSION

30.     Plaintiff requests oral argument.   S.D. Tex. Loc.R. 7.5.

### IV.  REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, plaintiff respectfully requests that the Court remand the entirety of this case to the 127th Judicial District Court of Harris County, TX.  28 U.S.C. § 1447(c).  He also pleads for such other and further relief which the Court, in its discretion, may award to him for costs, actual expenses, and attorneys fees incurred as a result of this removal.

Respectfully submitted,

DANIEL J. SHEA, P.C.

By:  /s/ *Daniel J. Shea*
       DANIEL J. SHEA
       State Bar No. 18163850
       S.D. Tex. I.D. No. 12585
       1519 Droxford Drive
       Houston, TX 77008-3213
       (832) 647-3612 telephone
       (832) 516-9498 telecopier
       djs7500@aol.com

ATTORNEY FOR PLAINTIFF,
GARELD D. ROLLINS, JR.

-13-

CERTIFICATE OF CONFERENCE

Under S.D. TEX. LOC. R. 7.1.D, the undersigned certifies that there was a conference with the removing attorney, Mr. Jay R. Aldis for SBCH, and that after a thoughtful and professional discussion, counsel could not agree about the disposition of the motion.  Further, since FBCH and SBC had filed pleas to the jurisdiction in State Court that alleged ecclesiastical abstention, a similar discussion took place with Mr. Barry G. Flynn and Ms. Jennifer D. Aufricht with a similar result.


    /s/ *Daniel J. Shea*
    DANIEL J. SHEA

CERTIFICATE OF SERVICE

This is to certify that the above and foregoing *Plaintiff's Motion to Remand* together with a proposed *Order* thereupon, have been e-filed with the Court and further, e-served on all parties pursuant to Fed. R. Civ. P. 5(b)(3) on the 31st day of March 2018 as indicated below:

Mr. Edward C. Tredennick                      Facsimile: (713) 917-0026
DANIELS & TREDENNICK, LLP                  E-service: ted@dtlawyers.com
6363 Woodway, Suite 965
Houston, Texas 77057
ATTORNEY FOR DEFENDANTS,
H. PAUL PRESSLER III,
AND NANCY PRESSLER

Mr. David B. Dowell                           Facsimile: (817) 632-6313
Dowell Pham Harrison LLP                   E-service: bdowell@dphllp.com
505 Pecan Street, Suite 200
Fort Worth, TX 76102
ATTORNEY FOR DEFENDANTS SOUTH-
WESTERN BAPTIST THEOLOGICAL
SEMINARY, AND PAIGE PATTERSON

Mr. Albertus F. Wiesedeppe III                Facsimile: (713) 751-3058
3 Riverway, Suite 750                 E-service: woodfillservice@gmail.com
Houston, TX 77056
ATTORNEY FOR DEFENDANTS JARED
WOODFILL, AND THE WOODFILL LAW FIRM
F/K/A WOODFILL & PRESSLER LLP

Mr. Barry G. Flynn                                  Facsimile: (713) 961-3938
GORDON & REES LLP                           E-service: bflynn@grsm.com
1900 W. Loop South, Suite 1000
Houston, TX 77027-3264
ATTORNEY FOR DEFENDANT
FIRST BAPTIST CHURCH OF HOUSTON

Ms. Jennifer D. Aufricht                            Facsimile: (214) 871-8209
THOMPSON, COE, COUSINS & IRONS, L.L.P.   E-service: jaufricht@thompsoncoe.com
2500 Plaza of the Americas
700 North Pearl Street
Dallas, TX 75201-2832
ATTORNEY FOR DEFENDANT
SOUTHERN BAPTIST CONVENTION

Mr. Jay R. Aldis                                     Facsimile: (713) 222-3276
BRACEWELL LLP                              E-service: jay.aldis@bracewell.com
711 Louisiana St., Suite 2300
Houston, TX 77002-2770
ATTORNEY FOR DEFENDANT
SECOND BAPTIST CHURCH OF HOUSTON


      /s/ ***Daniel J. Shea***    
      DANIEL J. SHEA