UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARELD DUANE ROLLINS, | § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-0775 |
| | § | |
| SECOND BAPTIST CHURCH, *et al*, | § § | |
| Defendants. | § § | |

## **MEMORANDUM AND ORDER**

### I. INTRODUCTION

This case is before the Court on the plaintiff's, Gareld Duane Rollins, Jr., motion to remand [DE 20][1] his case to the 127th Judicial District Court of Harris County, Texas, following removal by the defendant, Second Baptist Church of Houston ("Second Baptist") [DE 1]. Second Baptist responded to the plaintiff's motion for remand and has been joined by another defendant, the Southern Baptist Convention ("SBC"). *See* [DEs 34 and 35, respectively]. The Court received oral arguments on the issue of remand on April 16, 2018; and having reviewed the documents on file, considered the arguments of counsel, determines that the motion is meritorious and should be granted.

### II. BACKGROUND – PARTIES' CONTENTIONS

Since the Notice of Removal was filed, the plaintiff has filed Fourth and Fifth Amended Complaints. Although these Amended Complaints, particularly the Fifth, remove much of the language relied upon by the defendants in their opposition papers, the defendants point out that

---

[1] Also pending are the SBC's motion for summary judgment [DE 18] and the plaintiff's opposed motion for continuance [DE 28]. In light of this remand, SBC's motion for summary judgment need not be addressed. The plaintiff's motion for continuance is addressed under separate order.

the removal test rests in the Third Amended Complaint.[2] In his Third Amended Complaint, the plaintiff argues that H. Paul Pressler and Paige Patterson's stated goal for the SBC is a "Conservative Resurgence", or a literal, anti-scientific interpretation of the Bible. The plaintiff anticipates that testimony will show that the theological dogma that undergirds the SBC's Conservative Resurgence agenda is, at heart, an immoral and corrupt political power move" designed to snare innocent young boys. The plaintiff further argues that the defendants have entered into a Joint Enterprise whereby Pressler is permitted to use SBC doctrine and the facilities at Second and First Baptist Churches to engage in immoral conduct that is antithetical to true Baptist dogma. The plaintiff suggests that "but for" the institutional and individual engagements in the Conservative Resurgence and its doctrinal agenda, the plaintiff would not have suffered the physical and psychological injuries of which he complains.

In its removal papers, Second Baptist asserts that this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. The defendants rely on the plaintiff's statement of facts and asserted causes of action in his Third Amended Petition, all of which, admittedly, assert state common law causes of action. Second Baptist asserts that the "[p]laintiff's claims require a court, contrary to the First Amendment to the United States Constitution, to review, interpret, consider and make judgment on the appropriateness, correctness and/or validity of the rules, faith, discipline, government and/or doctrine of the Baptist Church". Therefore, Second Baptist argues, this Court has jurisdiction because vindication of the common law claims turns on a construction of federal law -- the First Amendment to the federal Constitution.

---

[2] After the case was removed, the plaintiff renumbered his complaints, designating what was his Third Amended Complaint as his First Amended Complaint. *See* [DE   ]. The Court relies on the plaintiff's Third Amended Complaint.

## III. STATEMENT OF LAW

A defendant is permitted to remove an action from a state court to a federal court only if the action is one over which federal courts have original jurisdiction. *See* 28 U.S.C. 1441(a). Since federal courts are courts of limited jurisdiction absent a jurisdictional granted by statute, federal courts lack the power to adjudicate state law claims. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). Hence, federal subject matter jurisdiction is limited to cases that either "aris[e] under the Constitution, laws or treaties of the United States" or involve matters where the amount in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. 28 U.S.C. §§ 1331, 1332.

When determining whether a claim "arises under" federal law, courts are to rely on the well-pleaded complaint doctrine. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 -10, 103 S. Ct. 2841, 2846 - 47, 77 (1983)). An action is said to "arise under" federal law within the meaning of § 1331, if a federal question is an ingredient of the action or when the allegations involve a disputed question of federal law or, requires resolution of a substantial federal question. *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) (citing *Franchise Tax Board*, 463 U.S. at 12, 103 S. Ct. at 2848).

"[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813, 106 S. Ct. at 3234 (internal citations omitted). This is so because "arising-under" jurisdiction always raises the possibility of upsetting the state-federal line drawn by Congress. Therefore, the presence of a federal issue must be important to the resolution of a state law claim for federal jurisdiction to attach. *See*

*Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S. Ct. 2363, 2368 (2005) (citing *Merrell Dow*, 478 U.S. at 810, 106 S. Ct. at 3229). Does the state-law claim raise a federal issue, actually disputed and substantial? *Grable*, 545 U.S. at 314, 125 S. Ct. at 2367 - 68. Otherwise, the federal issue does not dictate federal jurisdiction.

IV.   **DISCUSSION AND ANALYSIS**

In the case at bar, a remand is appropriate only if the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127-128 (1995). The question before the Court, therefore, is whether, under the "well-pleaded complaint" rule, the plaintiff's Third Amended Complaint states a claim that "arises under" federal law. *Franchise Tax Bd.*, 463 U.S. at 9 (internal citation omitted).

The Fifth Circuit Court of Appeals has addressed a similar question in a recent decision. *See Singh v. Duante Morris, LLP,* 538 F.3d 334, 338 (5th Cir. 2008). In *Singh*, the Fifth Circuit was tasked to decide "whether a state law malpractice claim met the "arising under" standard where the alleged malpractice occurred in a prior federal trademark suit. *Id.* at 337. Concluding that it did not, the Fifth Circuit held that federal question jurisdiction exists "only [in] those cases in which a "well-pleaded compliant" establishes either that federal law creates the cause of action or, [where] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Ibid*. at 337-38 (citations omitted).

The defendants assert that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. However, the fact that the plaintiff "pitches" his suit using language that is, admittedly, saturated with theological dogma does not automatically raise a federal question. *Merrell Dow*, 478 U.S. at 813. There is no "automatic

test", and a court must look beyond "federal fact" language to determine what necessary facts a plaintiff must plead and prove to establish his cause(s) of action.

In *Grable*, the Supreme Court pronounced a four-part test that courts wrestling with the issue of federal question jurisdiction should heed. The inquiry is -- "does a state law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. 545 U.S. at 314, 125 S. Ct. at 2368.

This Court holds that the plaintiff's use of "federal fact" language is merely religious puffery and fails to present a disputed and substantial federal question. Even though the plaintiff "teases" his pleading with the idea that the Conservative Resurgence may be a "type of proximate cause" or require a "but for" causation analysis, reasonable minds would agree that it is nothing more than tease language that defies credulity.

V. **CONCLUSION**

Clearly, there is no substantial federal issue raised by the plaintiff's pleading and the resolution of his common law claims does not require even a reference to Baptist dogma. Therefore, the case is REMANDED to the 127th Judicial District Court of Harris County, Texas, pursuant to 28 U.S.C. § 1447(c). Each party is to bear his/its own costs.

It is so Ordered.

SIGNED on this 3rd day of May, 2018.

_____
Kenneth M. Hoyt
United States District Judge